UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

In re:

Gabhaltais Teaghlaigh LLC

Debtor-in-possession

Chapter 11
Case No.  22-10839-EDK

## MOTION TO ALTER OR AMEND JUDGMENT

NOW COMES David G. Baker, holder of an allowed administrative claim in the above captioned case, and respectfully moves the court to alter or amend the judgment allowing the administrative claim and allow the debtor to pay it promptly, and for reasons states as follows:

1.  On June 15, 2022, (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§1101, et. seq.) (the "Bankruptcy Code"), commencing case no. 22-10839 in the United States Bankruptcy Court for the District of Massachusetts (the "Court").

2.  The Debtor continues to manage and operate its real estate business as a debtor-in-possession in accordance with sections 1107(a) and 1108 of the Bankruptcy Code.

3.  The court (Panos, J.) approved my employment as counsel for the debtor by order dated October 19, 2022 (document 127).

4.  As the court is no doubt aware, I was suspended from practice by the District Court as a reciprocal discipline relating to the suspension by the Supreme Judicial Court[1]. Successor counsel was retained and his employment was approved by this court.

5.  In connection with my withdrawal from this case, I filed an application for compensation (document 403).

6.  The debtor (by successor counsel) filed a response that did not object to the amount sought, but requested that payment be "delayed until such time as a plan is confirmed, the case is dismissed or, in the event that the case is converted to a chapter 7, approval of a final report by a Chapter 7 Trustee." (document 417, paragraph 11).  It is unclear why the debtor requested such language, given that upon information and belief, the debtor has substantial uncommitted cash on hand and did not object to the application, itself.

7.  This court approved the application, but included language substantially in the form quoted above in the order.  Thus, I have not received any compensation, and there does not appear to be any indication that I will be paid any time soon since the case is being heavily litigated by certain non-administrative creditors.

---

[1] Which I believe was groundless and thus I litigated as far as possible, to no avail, alas.  I have not been suspended by the First Circuit or the U.S. Supreme Court.

8. It does not appear that any other administrative creditors have been compelled to await payment. *See, e.g.*, documents numbered 511, 512 (successor counsel), and 513.

9. Normally, despite the evident unequal treatment, I would be willing to wait for payment. However, at the end of March I relocated to Marlborough, Massachusetts. The moving costs were substantially greater than anticipated.

10. In addition, the prospects of conversion or dismissal counsel prompt payment of my allowed fee. Furthermore, it is uncertain whether a chapter 11 plan will be proposed and confirmed.

11. This has created a problem for me, especially in paying medical costs, such as a copayment of slightly more than $3,200 for a replacement prosthesis for my right leg.[2]

12. Consequently, I request that the court alter or amend the order allowing my fee and striking the language delaying payment. This would be permissible under rule 60(b)(6) and the court's "residual authority of equitable power to grant discretionary relief". *See generally* Pais v. Kijakazi, 52 F. 4th 486, 492 (1st Cir. 2022).

13. Successor counsel for the debtor did not respond to a request for assent to the relief requested herein.

WHEREFORE I request relief as stated above.

June 16, 2026

Respectfully submitted,

/s/      *David G. Baker*
David G. Baker, Esq.
406 Hemenway Street, Ste. 6226
Marlborough, MA  01752
BBO# 634889
617-340-3680

Certificate of Service

The undersigned states upon information and belief that the within Motion will be served upon the persons named below by the court's CM/ECF system on the date that the clerk enters it on the docket (my CM/ECF filing ability has also been suspended, which, surprisingly, occurred without notice).

/s/      *David G. Baker*
David G. Baker, Esq.

---

[2] I do not believe that this will result in any refusal of treatment since Medicare and insurance covers all but the copayment. Nonetheless, one thing I have learned in representing consumer debtors is that a debt that goes unpaid creates its own special problems, and frankly I would prefer not to be required to pay it from retirement funds or savings.

2

Steven Boyajian on behalf of Defendant OHP, LLC
sboyajian@rc.com,  jtella@rc.com

Eric K. Bradford on behalf of Assistant U.S. Trustee Richard King - B
Eric.K.Bradford@USDOJ.gov

Joseph G. Butler on behalf of Debtor Gabhaltais Teaghlaigh LLC
jgb@jgbutlerlaw.com,  JGButlerlaw@gmail.com

Paul G. Crochiere on behalf of Creditor Enterprise Bank & Trust Company
pcrochiere@regnante.com

David C. Crossley on behalf of Interested Party various Realty Trusts
dcrossley@crossley-law.com,  crossleylaw@yahoo.com;r48037@notify.bestcase.com

Kathleen R. Cruickshank on behalf of Interested Party Harold B. Murphy
kcruickshank@murphyking.com,  bankruptcy@murphyking.com;kflynn@murphyking.com;ecf-
f3829d9f3bd3@ecf.pacerpro.com

Daniel S. Guenther on behalf of Interested Party Root Development, LLC
dsguenther@sherin.com,  sworfolk@sherin.com

Richard King - B
USTPRegion01.BO.ECF@USDOJ.GOV

John C. La Liberte on behalf of Interested Party Root Development, LLC
JCLaLiberte@sherin.com,  sworfolk@sherin.com

Jason A. Manekas on behalf of Debtor Gabhaltais Teaghlaigh LLC
jmanekas@bg-llp.com,  kpurvis@bg-llp.com

Alex F. Mattera on behalf of Creditor Synergy Funding, LLC
amattera@pierceatwood.com,  lhawe@pierceatwood.com

Jodi B. Meade on behalf of Creditor Massachusetts Department of Revenue
meadej@dor.state.ma.us

Heather Sprague on behalf of Assistant U.S. Trustee Richard King - B
Heather.Sprague@usdoj.gov

Michael Van Dam on behalf of Interested Party Jaspal Gill
mvandam@vandamlawllp.com

John F. White on behalf of Defendant OHP, LLC
jwhite@lipmanwhite.com,  lipmanwhite1@yahoo.com;alipman@lipmanwhite.com

David W. Zizik on behalf of Interested Party Tokio Marine Specialty Insurance Company
david.zizik@mgclaw.com,  dburke@ziziklaw.com