UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| In re: | |
|---|---|
| Gabhaltais Teaghlaigh LLC | Chapter 11<br>Case No. 22-10839-EDK |
| Debtor-in-possession | |

RESPONSE TO DEBTOR'S OBJECTION (Document 632)

Now comes David G. Baker, holder of an allowed administrative claim, and responds to the above-referenced objection filed by the Debtor, Gabhaltais Tealaigh:

1. I admit the factual allegations in the numbered paragraphs to the extent that they are consistent with the docket of this case. However, the court should note that the objection does not comply with Local Rule 9013-1(i) since it neither admits nor denies any allegation of my motion, as required by the rule. The court should consider striking the objection without prejudice and requiring a conforming objction.

2. To the extent that the court chooses not to do so, I offer the following rebuttal.

3. The debtor says in paragraph 12 that it "is presently planning to file a motion seeking a structured dismissal of the case." Apparently it is abandoning the opportunity to seek confirmation of a plan in favor of a structured dismissal.

4. It seems to be a distinction without a difference. The Supreme Court has said this about structured dismissals:

   We turn to the basic question presented: Can a bankruptcy court approve a structured dismissal that provides for distributions that do not follow ordinary priority rules without the affected creditors' consent? Our simple answer to this complicated question is "no."

   Czyzewski v. Jevic Holding Corp., 580 US 451 (2017). *See also* In re Old Cold ULLC, 879 F. 3d 376, 388 (1st Cir. 2018) (*citing* Czyzewski). As I understand it, therefore, a structured dismissal is not permitted without payments to creditors in accordance with "ordinary priority rules".

5. I would most assuredly object to any dismissal that did not comply with Czyzewski.

6. Possibly hoping to forestall the foregoing problem, the debtor raises the spectre of administrative insolvency, which occurs "when the bankruptcy estate has insufficient funds to pay administrative claims in full." *See* "Inequality Among Administrative Claimants", found at https://corporate.findlaw.com/finance/inequality-among-administrative-claimants.html . *See also* "Finding the Exit: Navigating Administratively Insolvent Cases", American Bankruptcy Institute Journal, Vol. XLIV, Nov. 11, 2025 (accessed at https://www.lowenstein.com/media/z4wdjoqb/abi-journal-article-11-25-nathan.pdf).

7. Frankly, I struggle to understand how the debtor could be administratively insolvent. After all, the debtor started out the case with six parcels of real estate, including a large commercial building in Lowell and a former Roman Catholic church in Connecticut. These two properties were sold, and the debtor accrued at least $1,000,000 from the sales. In addition, the prepetition foreclosure of the other four properties was avoided

(with my assistance), and presumably the debtor is receiving rents from three of the properties and paying the expenses; the court allowed the putative mortgagee of the fourth to foreclose.[1]

8.  It may be that payments, if any, to the attorneys who succeeded me depleted the debtor's assets.  If so, it is open to the court to order them to disgorge their fees so that a *pro rata* distribution may be made.  See <u>In Re Saint Catherine Hospital of Indiana, LLC</u>, (S.D. Indiana, Sept. 26, 2018, accessible at https://scholar.google.com/scholar_case?case=12340595301921102418&q=%22adminis trative+insolvency%22&hl=en&as_sdt=4,60).  While *pro rata* distribution apparently is not mandatory, *but see* <u>Specker Motor Sales Co. v. Eisen</u>, 393 F. 3d 659 (6th Cir. 2004), my work on the case prior to being suspended resulted in a substantial benefit to the debtor[2].  *See also* <u>In re Robotic Vision Systems, Inc.</u>, 367 BR 232 (Bankr. Appellate Panel, 1st Cir. 2007) (citing <u>Specker</u> in footnote 24).  It would be unfair and inequitable to deny me any compensation for achieving that result.

9.  In paragraph 13, the debtor states that "no plan has been filed".  That is incorrect; the US Trustee would not allow a chapter 11 case to proceed if no plan was timely filed.  One was.  It was amended as recently as January 21, 2025.  I do not know why there has been no progress towards confirming it.

For all of these reasons, I respectfully request that the objection be overruled, as no cogent justification for denial has been presented.

July 19, 2022

Respectfully submitted,

/s/ *David G. Baker*
David G. Baker, Esq.
400 Hemenway Street Ste. 6226
Marlborough, MA  01752
(617) 340-3680

CERTIFICATE OF SERVICE

The undersigned states upon information and belief that the within response was served on the parties named below by the court's CM/ECF system on the date it was entered on the docket by the clerk.

/s/ *David G. Baker*
David G. Baker

• Steven Boyajian - sboyajian@rc.com, jtella@rc.com
• Eric K. Bradford - Eric.K.Bradford@USDOJ.gov
• Paul G. Crochiere - pcrochiere@regnante.com

---

[1] It may also be that on-going litigation with the mortgagee of the three properties is causing problems, but I have no information about that.  Said mortgagee has been unusually intransigent and hostile in its litigation style, in my opinion.
[2] If I may be so modest…

2

• Kathleen R. Cruickshank - kcruickshank@murphyking.com, bankruptcy@murphyking.com;
kflynn@murphyking.com; ecf-f3829d9f3bd3@ecf.pacerpro.com
• Daniel S. Guenther - dsguenther@sherin.com, sworfolk@sherin.com
• Richard King - B - USTPRegion01.BO.ECF@USDOJ.GOV
• John C. La Liberte JC- LaLiberte@sherin.com, sworfolk@sherin.com
• Jason A. Manekas - jmanekas@bg-llp.com, kpurvis@bg-llp.com
• Alex F. Mattera - amattera@pierceatwood.com, lhawe@pierceatwood.com
• Jodi B. Meade - meadej@dor.state.ma.us
• Heather Sprague - Heather.Sprague@usdoj.gov
• Michael Van Dam - mvandam@vandamlawllp.com
• John F. White - jwhite@lipmanwhite.com, lipmanwhite1@yahoo.com;
alipman@lipmanwhite.com
• David W. Zizik - david.zizik@mgclaw.com, dburke@ziziklaw.com
• Joseph G. Butler, Esq. - JGB@jgbutlerlaw.com

And by regular email on this date to: "Brensley, Esq. Anne" abrensley@devconorthamerica.com

3