UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
|  | ) | Chapter 11 |
| In re: | ) |  |
|  | ) |  |
| GABHALTAIS TEAGHLAIGH LLC | ) | Case No. 22-10839 (CJP) |
|  | ) |  |
| Debtor-in-possession | ) |  |
|  | ) |  |

**REPLY OF *LIMITED OBJECTOR*, *ROOT DEVELOPMENT LLC*, TO OPPOSITION OF
ANNE BRENSLEY**

Limited Objector Root Development LLC ("Root") files this brief reply to correct the

misstatements of law in the Opposition filed by Ms. Brensley [ECF #631].

**ARGUMENT**

### I.    This Court Retains Jurisdiction to Enforce Its Own Contempt and Sanctions Orders

Root seeks enforcement of an existing order, ECF #590, that it be paid for expenses

incurred in the unjustified actions of Debtor and its agent, Ms. Brensley. Ms. Brensley's appeal

does *not* act to divest the Court of the ability to enforce its existing orders—the law here is clear.

Where the Court is not expanding or altering its order at ECF #590, it retains jurisdiction to

enforce it: "[w]hile pending appeal divests lower court of jurisdiction to expand upon

or alter judgment which is the subject of appeal, lower court retains jurisdiction to implement

or enforce judgment; distinction must be drawn between actions to enforce and those to expand

upon or alter." *In re Marino*, 234 B.R. 767, 34 Bankr. Ct. Dec. (CRR) 597 (B.A.P. 9th Cir.

1999).

Absent a stay pending appeal, Ms. Brensley's decision to disregard the Court's orders is

itself sanctionable and has forced Root to, yet again, expend resources and incur attorney's fees.

*Las Martas, Inc.*, No. CV 23-1074 (RAM), 2025 WL 2450988, at *1 (D.P.R. Aug. 26, 2025)

4919-4192-8127.v1

("Here, the Bankruptcy Court is not expanding or altering the scope of the underlying matters on appeal, only enforcing its challenged order. This does not harm the integrity of the appeals process, nor does it "impermissibly" interfere with Condado's rights as its appeal proceeds. *See* id. Instead, the Bankruptcy Court's decision to enforce its order while an appeal is pending is appropriate in the absence of a stay."); *accord Hope v. Gen. Fin. Corp. of Ga. (In re Kahihikolo)*, 807 F.2d 1540, 1542–43 (11th Cir.1987) (dismissing appeal as moot because, absent stay pending appeal, the secured lender was free to treat order granting relief from stay as final and sell the collateral); *In re VII Holdings Co.,* 362 B.R. 663, 666 n. 3 (Bankr.D.Del.2007) (holding that "absent a stay pending appeal, [the lower court] may retain jurisdiction 'to decide issues and proceedings different from and collateral to those involved in the appeal....' [and] may also 'enforce the order or judgment appealed.'") (citations omitted); *In re Bd. of Dir. of Hopewell Int'l Ins. Ltd.,* 258 B.R. 580, 583 (Bankr.S.D.N.Y.2001) (holding that "a bankruptcy court retains jurisdiction, while an appeal is pending and in the absence of a stay, to enforce the [appealed] order or judgment").

Were it the case otherwise, parties before the Court could blatantly disregard Court orders, grant themselves an immediate and blanket stay of enforcement, and take a chance at reversal or vacatur by an appellate authority, while the harmed party remains at a loss.

Finally, the case here is particularly egregious: Ms. Brensley has appealed ECF #590 which assessed the percentage of the sanction to be 50/50 between the debtor and Ms. Brensley. The actual sanction order (ECF #575) and Affidavit of Attorney's Fees which established the amount to be assessed as a sanction (ECF # 581, 582) were not appealed and cannot be now. The sole issue pending is whether the full amount is to be paid by the Debtor or by Ms. Brensley. Ms.

- 2 -

Brensley could have complied with the Court order, sought reimbursement from the Debtor, and then taken her appeal so that Root would be whole during the pendency of the appeal.

Indeed, that was Ms. Brensley's *only* allowable course of action absent a stay, and her failure to do so has again caused Root to incur costs and the Court to have to yet again take up the contempt order; however, the Court unambiguously has jurisdiction to do so and to compel compliance with ECF #590 through further contempt findings or other mechanisms as the Court sees fit.

## RELIEF REQUESTED

WHEREFORE, Root prays for entry of an Order finding Debtor's agent, property manager and estate fiduciary Anne Brensley in further or continued contempt of this Court for having failed and refused to obey this Court's previous Order ECF #590 without cause.

Respectfully submitted,

ROOT DEVELOPMENT, LLC

By its attorneys,

/s/ *Daniel S. Guenther*
John C. La Liberte (BBO# 556046)
Daniel S. Guenther (BBO# 703463)
Sherin and Lodgen LLP
One Lincoln Street, 14th Floor
Boston, Massachusetts 02111
Ph: 617.646.2000
Fax: 617.646.2222
jclaliberte@sherin.com
Dated: July 20, 2026          dsguenther@sherin.com

- 3 -

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel S. Guenther, do hereby certify that on July 20, 2026, a copy of this Motion was served by the CM/ECF system, thereby providing electronic notice to all ECF participants in this case, as well as in the manner listed below:

<u>Mailed to:</u>

Devco North America LP
200 Lincoln Street
Suite 302
Boston, MA  02111
*Via Email to*  abrensley@devconorthamerica.com

Devco North America LP
c/o Anne Brensley
177 Huntington Avenue, 17th Floor
Boston, MA  02115
*Via Email to*  abrensley@devconorthamerica.com

Anne Brensley
BFT-Capital, LLC
189 Plain Road
Wayland, MA  01778
*Via Email to*  abrensley@devconorthamerica.com

Joseph G. Butler, Esq.
Law Office of Joseph G. Butler
355 Providence Highway
Westwood, MA  02090

*Via Email Only to*
jgb@jgbutlerlaw.com

/s/ *Daniel S. Guenther*
Daniel S. Guenther

- 4 -