# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | Case No. 22-10839-EDK |
| GABHALTAIS TEAGHLAIGH LLC, | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

## ORDER

The "Motion of Limited Objector, Root Development LLC, for Further Finding and Judgment of Civil Contempt against Debtor's Agent, Anne Brensley, and for Sanctions" [Docket #613] (the "Contempt Motion") is GRANTED. On May 1, 2026, this Court ordered Anne Brensley to pay the amount of $7,354.52 to Root Development, LLC ("Root") as a sanction (the "Sanctions Payment") for Brensley's contempt of the Court's September 22, 2025 Order [Docket #494]. *See* Docket #590 (the "Sanctions Order").  The Sanctions Order required Brensley to make the Sanctions Payment and to file a certificate of compliance with the Court indicating that the payment had been made by May 15, 2026.  It is undisputed that Brensley failed to make the Sanctions Payment and failed to file a certificate of compliance as required by the Sanctions Order.  While Brensley has appealed the Sanctions Order, Brensley has not sought, or received, a stay of the Sanctions Order pending appeal.

On June 22, 2026, Root filed the motion presently before the court seeking a further finding of civil contempt against Brensley for failure to make the Sanctions Payment and seeking an order requiring Brensley to make the Sanctions Payment and to further sanction Brensley in an amount equal to the fees and costs incurred by Root in bringing the Contempt Motion.  Brensley responds that the Court lacks jurisdiction over the Contempt Motion (and also seeks sanctions against Root) based on the pending appeal of the Sanctions Order.

Brensley is correct that "a notice of appeal generally 'divests the lower court of jurisdiction over those matters on appeal.'" *Condado 5 LLC v. Las Martas, Inc. (In re Las Martas, Inc.)*, No. CV 23-1074 (RAM), 2025 WL 2450988, at *1 (D.P.R. Aug. 26, 2025) (quoting *Mission Product Holdings, Inc. v. Schleicher & Stebbins Hotels, L.L.C. (In re Old Cold, LLC)*, 602 B.R. 798, 822 (1st Cir. B.A.P. 2019)). However, "in the absence of a stay pending appeal pursuant to Bankruptcy Rule 8005, '[i]t is equally established ... that while an appeal of an order or judgment is pending, the court retains jurisdiction to implement or enforce the order or judgment.'" *In re CPJFK, LLC*, 496 B.R. 290, 298 (Bankr. E.D.N.Y. 2011) (quoting *Dicola v. Am. S.S. Owners Mut. Prot. and Indem. Ass'n (In re Prudential Lines, Inc.),* 170 B.R. 222, 243 (S.D.N.Y.1994)). And this Court "has inherent power to sanction parties for noncompliance with court orders." *Charbono v. Sumski (In re Charbono)*, 790 F.3d 80, 83 (1st Cir. 2015).

Having neither sought, nor obtained, a stay pending appeal of the Sanctions Order, Brensley was required to comply with the terms of that Order or risk being found in contempt and further sanctioned for failure to comply. And, having failed to comply with the Sanctions Order, the Court now finds and rules that the Contempt Motion should be GRANTED. Brensley is found to be in contempt of the Sanctions Order and Root is entitled to reimbursement of its reasonable fees and costs incurred by Root in having to bring the Contempt Motion in order to secure compliance with the Sanctions Order. *See In re Spenlinhauer*, 592 B.R. 1, 8 (D. Mass. 2018) (upholding imposition of contempt sanctions in amount of legal fees and expenses incurred in obtaining compliance with court order). The Court determines that, as a sanction for Brensley's contempt of the Sanctions Order, necessitating Root's filing of the Contempt Motion, Root is entitled to reimbursement of two hours of attorney time for drafting the Contempt Motion and attending and participating in the hearing on the Contempt Motion held on July 23, 2026, for a total new sanctions award of $950.00 (the "Additional Sanctions").

Brensley is ORDERED to make the original Sanctions Payment of $7,354.52 and to pay the Additional Sanctions in the amount of $950.00, and to file a certificate of compliance with this Order, by August 6, 2026.

DATED: July 23, 2026                    By the Court,

                                        Elizabeth D. Katz
                                        United States Bankruptcy Judge