UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

In re:

Gabhaltais Teaghlaigh LLC

Debtor-in-possession

Chapter 11
Case No.  22-10839-EDK

## OBJECTION TO STRUCTURED DISMISSAL

NOW COMES David G. Baker, holder of an allowed administrative claim, and objects as limited herein to the debtor's motion for a structured dismissal of this case (Document #635), and for reasons states that the motion does not present sufficient information to show that it conforms in any way, shape, or form to the requirements of Czyzewski v. Jevic Holding Corp., 580 US 451 (2017).  See also  In re Old Cold ULLC, 879 F. 3d 376, 388 (1st Cir. 2018) (citing Czyzewski).  I further state as follows:

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.   Dr. Hung, a hand surgeon, is the successor to her deceased husband.
6. Admitted.
7. Admitted.
8. Admitted in part.  The foreclosure auction had already taken place, but the foreclosure deed had not been recorded.  Omitted from this paragraph is the fact that the foreclosure was avoided, with the assistance of the undersigned, pursuant to relevant provisions of the bankruptcy code.
9. Admitted.
10. Admitted.
11. Admitted.
12. Admitted on the assumption that the debtor intends to continue to own and manage the Weymouth property.  A basic search of the records at the Norfolk Registry of Deeds indicates no foreclosure deed has been recorded.
13. Admitted.
14. Admitted without prejudice.
15. Admitted to the extent consistent with the dockets.
16. Admitted upon information and belief[1].
17. Admitted upon information and belief[2].
18. Admitted.
19. Admitted.
20. Admitted.
21. Admitted.
22. Neither admitted nor denied as the  undersigned has insufficient information to admit or deny.
23. Admitted, however a "structured dismissal" is subject to the requirements of Czyzewski v. Jevic Holding Corp., 580 US 451 (2017).  This motion does not conform to those requirements.
24. These statements are conclusions of law to which no response is required.
25. This is a statement of the debtor's intentions, to which no response is required, but it is unclear whether this conforms to Czyzewski.

---

[1] The undersigned is reviewing the May, 2026,  monthly operating report.
[2] The undersigned is reviewing the May, 2026,  monthly operating report.

26. These statements are conclusions of law to which no response is required.

27. While this statement is a conclusion of law to which no response is required, the undersigned generally agrees with it.

28. This is a statement of the relief requested and requires no response.

29. FURTHER RESPONDING, the undersigned notes that a claim of "Gomes" is listed on the schedule attached to the motion.  It is my understanding, from the debtor's property manager prior to my withdrawal, that the claim is disputed.  I defer to the debtor and the court as to whether it should be resolved before dismissal.

30. The debtor should be required to prepare and file, prior to the hearing on this motion, a Final Accounting, perhaps in the manner required in chapter 7 cases, showing precisely whom payments shall be made to and in what amounts, as well as the extent to which payments already made to other administrative creditors, if any, should be disgorged; *see* Specker Motor Sales Co. v. Eisen, 393 F. 3d 659 (6th Cir. 2004); *see* also In re Robotic Vision Systems, Inc., 367 BR 232 (Bankr. Appellate Panel, 1st Cir. 2007) (citing Specker in footnote 24).

31. The Accounting should be consistent with Czyzewski.

WHEREFORE I request that the motion be allowed after compliance with the foregoing.
July 24, 2026

Respectfully submitted,

/S/       David G. Baker
David G. Baker
Administrative Creditor
400 Hemenway Street Ste. 6226
Marlborough, MA 01752
617-340-3680

Certificate of Service

The undersigned affirms that the attached documents were served upon the persons named below by the court's CM/ECF system on the date entered on the docket by the clerk except as stated below.

- Steven Boyajian - sboyajian@rc.com, jtella@rc.com
- Eric K. Bradford - Eric.K.Bradford@USDOJ.gov
- Paul G. Crochiere - pcrochiere@regnante.com
- Kathleen R. Cruickshank - kcruickshank@murphyking.com, bankruptcy@murphyking.com; kflynn@murphyking.com; ecf-f3829d9f3bd3@ecf.pacerpro.com
- Daniel S. Guenther - dsguenther@sherin.com, sworfolk@sherin.com
- Richard King - B - USTPRegion01.BO.ECF@USDOJ.GOV
- John C. La Liberte JC - LaLiberte@sherin.com, sworfolk@sherin.com
- Jason A. Manekas - jmanekas@bg-llp.com, kpurvis@bg-llp.com
- Alex F. Mattera - amattera@pierceatwood.com, lhawe@pierceatwood.com
- Jodi B. Meade - meadej@dor.state.ma.us
- Heather Sprague - Heather.Sprague@usdoj.gov
- Michael Van Dam - mvandam@vandamlawllp.com
- John F. White - jwhite@lipmanwhite.com, lipmanwhite1@yahoo.com; alipman@lipmanwhite.com
- David W. Zizik - david.zizik@mgclaw.com, dburke@ziziklaw.com
- Joseph G. Butler, Esq. - JGB@jgbutlerlaw.com

And by regular email on this date to: Brensley, Esq. Anne - "anne.brensley@gmail.com"