UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re:<br><br>Gabhaltais Teaghlaigh LLC<br><br>Debtor. | Chapter 11<br>Case No. 22-10839-EDK |

**OBJECTION BY DEBTOR IN POSSESSION TO CLAIM OF GOMES CORP. [CLAIM NO. 13]**

Gabhaltais Teaghlaigh, LLC, the Debtor in Possession in the above-captioned Chapter 11 case (the "Debtor"), respectfully files this objection to the allowance of the asserted unsecured claim of Gomes Corp., Claim No. 13 (the "Gomes Claim").  In support of this objection, the Debtor states as follows:

1.     On June 15, 2022, (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§1101, et. seq.) (the "Bankruptcy Code"), commencing case no. 22-10839 in the United States Bankruptcy Court for the District of Massachusetts (the "Court").

2.     The Debtor continues to manage and operate its business as a debtor-in-possession in accordance with sections 1107(a) and 1108 of the Bankruptcy Code.

3.     On July 1, 2022, the Debtor filed its schedules, including schedules D, E and F on July 1 2022 [see docket entry 19].

4.     On August 12, 2022, the Debtor requested that the Court establish a claims bar date [docket entry 70] and, on August 30, 2022, the Court established October 31, 2022 as the claims bar date [docket entry 82].

5.　　　On March 22, 2023, Gomes Corp. filed the Gomes Claim in the amount of $32,838.63 for "services performed landscaping/snow removal/cleanups."  *See* Claim No. 13-1.

6.　　　To the best knowledge of Debtor, Gomes Corp. does not have a contract with Debtor nor has Gomes Corp. provided any services to Debtor.  Although Debtor has requested supporting documentation from Gomes Corp., none has been forthcoming.

7.　　　In light of the above, Debtor objects to the unsecured Gomes Claim as it is untimely and should be disallowed.  11 U.S.C. § 502.

8.　　　In addition, Debtor objects to the unsecured Gomes Claim as it is unsupported and has no basis.  The Gomes Claim fails to attach any supporting documentation and thus loses its status as *prima facie* evidence of the claim's validity and amount. Bankruptcy Rules 3001 and 3003.  Since Debtor has no knowledge of the Gomes Claim, it is unenforceable against the Debtor and property of the Debtor. 11 U.S.C. § 502.

9.　　　Nothing in this Objection shall constitute a waiver of any right of the Debtor to object to any other claims asserted against the Debtor not included within the disputed claim, or to supplement, amend, or assert additional basis for objections against the disputed Gomes Claim.

10.　　　The Debtor, pursuant to Rule 3007-1(a) is filing, herewith a proposed form on notice of the objection to claim.

WHEREFORE,  the Debtor respectfully requests that the Court:

a.　issue a notice setting the deadline for filing responses and a hearing date relating to this Objection.

b.　require Debtor to then complete the notice of objection to claim by inserting the

deadline for responses and hearing date and to serve the objection and completed
notice of objection upon Gomes Corp.;

c.  sustain the Debtor's objection to the Gomes Claim according to the above Objection;
and

d.  Grant such other relief as is just and proper.

Gabhaltais Teaghlaigh, LLC,

By its attorneys,

Dated: July 27, 2026

/s/ Joseph G. Butler
Joseph G. Butler, Esq. (BBO# 544284)
Law Office of Joseph G. Butler
355 Providence Highway
Westwood, MA 02090
(781) 636 3638
JGB@jgbutlerlaw.com