# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 22-10839-EDK |
| GABHALTAIS TEAGHLAIGH LLC, | ) | |
| | ) | |
| Debtor | ) | |

ORDER

Before the Court is the "Motion by Debtor in Possession for Order Approving a Structured Dismissal of the Debtor's Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b)" [Docket #635] (the "Motion to Dismiss"). For the following reasons, the Motion to Dismiss is DENIED and the Debtor will be ordered to appear before this Court at a later hearing and to show cause as to why this case should not be converted to one under Chapter 7.

A Chapter 11 debtor does not possess an automatic right to voluntarily dismiss a Chapter 11 case. Instead, 11 U.S.C. § 1112(b) provides that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ."

The Debtor states that "cause" under § 1112(b) exists because "[t]he Debtor has substantially completed administration of the estate," "[n]o useful bankruptcy purpose would be served by continuing the Chapter 11 case," and "[t]he costs of remaining in Chapter 11 would diminish payments and distributions to administrative claimholders and creditors."[1] However, the

[1] The Debtor also alleges as "cause" for dismissal or conversion that "[s]tructured dismissal will preserve the rights of all unsecured creditors." While the fact that a structured dismissal may preserve the rights of some creditors may be factor to be considered in determining whether dismissal or conversion would be in the best interests of creditors, that fact alone would not constitute "cause" for dismissal of the case.

Debtor has *not* substantially completed administration of the estate, as the Debtor is currently holding $818,443.45 representing the remaining proceeds from the sale of real estate, the rights to which are currently being contested.[2] The Debtor having availed itself of the rights and powers available to it under the Bankruptcy Code to recover and sell various real properties, it is disingenuous to now claim that no bankruptcy purpose would be served in continuing this case to resolve the dispute over the rights to the proceeds from those sales. And, while continued administration of the estate (whether under Chapter 11 or otherwise) will, of course, incur costs which may diminish recovery for some, those costs are attendant to the administration of all bankruptcy estates and do not, in themselves, warrant dismissal of the case.

The Debtor's stated intention, upon dismissal of this case, is to, *inter alia*, pay administrative claimants and to retain the remaining sale proceeds in escrow for an indefinite amount of time, presumably pending a determination in some other forum regarding the parties' various rights in the proceeds. It has been argued that this proposition violates the limits on structured dismissals articulated in *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451 (2017). Regardless of whether that is so, the Court cannot approve the Debtor's intended course of action on grounds of fundamental fairness. Such terms would require parties with asserted rights in the funds "having to spend additional time and significant expense to chase the Debtor's assets through state courts and prove their [claims]," *In re Fleetstar LLC*, 614 B.R. 767, 786 (Bankr. E.D. La. 2020), after the Debtor has spent over four years in bankruptcy, avoided transfers of property, liquidated the purported secured creditors' assets, and commenced litigation against the remaining creditor with an alleged security interest in the proceeds to determine that entity's rights in the funds. While this course of action may be in the best interest of administrative claimants and the Debtor, it certainly is not in the best interest of the Debtor's other creditors, who are entitled to a

---

[2] The Debtor is also holding an additional $119,118.97 in what appear to be unencumbered funds from the sale of other properties owned by the Debtor.

prompt resolution of the remaining claims in this case and a concrete decision regarding the disposition of the Debtor's liquidated assets.

Accordingly, the Court will not approve the "structured dismissal" proposed by the Debtor through the Motion to Dismiss.

However, as it appears that, as a result of the near-certain administrative insolvency of this case, the Debtor is either unable or unwilling to continue with administration of the Chapter 11 case, the Debtor is ORDERED to appear before this Court on September 10, 2026 at 10:00 a.m. in the Federal Building and Courthouse, Courtroom 3, 595 Main Street, Worcester, MA and to SHOW CAUSE as to why this case should not be converted to one under Chapter 7 to allow the orderly and final resolution of this case.

DATED: August 20, 2026

By the Court,

Elizabeth D. Katz
United States Bankruptcy Judge