UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Gabhaltais Teaghlaigh LLC<br><br>Debtor. | Chapter 11<br>Case No. 22-10839-EDK |

**OBJECTION BY GABHALTAIS TEAGHLAIGH, LLC TO THE MOTION FOR APPROVAL OF DISCLOSURE STATEMENT AND TO THE ADEQUACY OF THE DISCLOSURE STATEMENT DATED SEPTEMBER 8, 2026**

Gabhaltais Teaghlaigh, LLC, the Debtor in Possession in the above-captioned chapter 11 case (the "Debtor"), hereby responds and objects to the Motion for Approval of Disclosure Statement filed by David G. Baker on September 8, 2026 (docket no. 701) and to the adequacy of the Disclosure Statement filed by David Baker on September 8, 2026 (docket no. 700). As grounds for its objection, the Debtor states the following:

BACKGROUND

1. On June 15, 2022, (the "Petition Date") the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§1101, et. seq.) (the "Bankruptcy Code"), commencing case no. 22-10839 in the United States Bankruptcy Court for the District of Massachusetts (the "Court").

2. The Debtor continues to manage and operate its business as a debtor-in-possession in accordance with sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtor is a single member limited liability company, organized in Massachusetts on May 25, 2017. The sole member is Virginia Hung.

4. David Baker served as counsel to the Debtor from the Petition Date until February 12, 2025. (See Notice of Withdrawal of Appearance filed on February 12, 2025, docket no. 400).

5. David Baker is the holder of an allowed claim with a chapter 11 administrative expense

priority (see docket no. 420).

6. On September 8, 2026, Baker filed a Chapter 11 Plan of Reorganization (docket no. 699)(the "Baker Plan"), a Disclosure Statement (docket no. 700)(the "Disclosure Statement") and a Motion to Approve the Disclosure Statement (docket no. 701)(the "Motion").

7. On September 11, 2026, the Court entered an order establishing October 22, 2026, as the last date by which objections to the adequacy of the Disclosure Statement could be filed and scheduling a hearing on the Motion and the Adequacy of the Disclosure Statement for November 5, 2026 at 11:00 am.

APPLICABLE LAW

8. Section 1125(b) of the Bankruptcy Code (11 U.S.C. §§1101, et. seq.) states, in part, that,

> (b) An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information.

9. A disclosure statement must contain adequate information for creditors and shareholders to make an informed judgment regarding whether to vote for or against a reorganization plan. See *In re: Clamp-All Corp.*, 233 B.R. 198, 204 (Bankr. D. Mass. 1999); *In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170 (Bankr. S.D. Oh. 1988).

10. "Adequate information" is defined in §1125(a) as meaning "information of a kind, and in sufficient detail, as far as is reasonably practicable...that would enable a hypothetical reasonable investor typical of the holders of claims or interests of the relevant class to make an informed judgment about the plan..."

11. Disclosure statement hearings may also be used by the Court to determine whether a plan is confirmable. *In re O'Leary*, 183 B.R. 338,338-39 (Bankr. D. Mass. 1995) (courts may refuse to

approve disclosure statements that describe plans that cannot be confirmed); *In re Bjolmes Realty Trust*, 134 B.R. 1000, 1002 (Bankr. D. Mass. 1991) See also *In re Worcester Country Club Acres, LLC,* 655 B.R. 41, 47-48 (Bankr. D. Mass. 2023); *In re Mahoney Hawkes, LLC*, 289 B.R. 285, 294 (Bankr. D. Mass. 2002) (approval of disclosure statement may denied where "plan is so fatally and obviously flawed that confirmation is impossible").

THE DISCLOSURE STATEMENT
DESCRIBES A PLAN THAT CANNOT BE CONFIRMED AT THIS TIME

12. The Disclosure Statement states at page 1 that:

> In summary, the debtor intends to pay all creditors in accordance with the requirements of the Bankruptcy Code, and chapter 11 in particular. Said payments will be made from the surplus moneys from the sales or foreclosures of the real estate owned as of the petition date. To the extent that the money available is less than the total owed, payments will be made over time from the income of the continuation of the debtor's business after the closing of the case.

13. Prior to the Petition Date, the Debtor was the record owner of real property located at (a) 47 Old Harbor Street, South Boston, Massachusetts; (b) 283 West Fifth Street, South Boston, Massachusetts: (c) 193 Randolph Street, Weymouth, Massachusetts; and (d) 15 Simms Court, Newton, Massachusetts (the "Properties").

14. On June 15, 2022, the same day that Debtor filed for Bankruptcy, Synergy conducted a foreclosure sale of the Properties encumbered by the Synergy Mortgage ("Foreclosure"), subject to the Rockland Mortgage.

15. On July 2, 2022, the Bankruptcy was dismissed (Docket No. 23).

16. On July 8, 2022, the order dismissing the Bankruptcy was vacated (Docket No. 27).

17. On July 7 and July 8, 2022, between the date that this Bankruptcy was dismissed and the day before and day of the order vacating the dismissal of the case, Synergy recorded foreclosure deeds (collectively, "Foreclosure Deed") purporting to convey the Properties to OHP, LLC

(“OHP”).

18. In July 2022, OHP purported to grant a mortgage from OHP to Jaspal Gill in the original amount of $2,510,000.00 against the Properties (the “Gill Mortgage”).

19. In this Court’s Order dated March 28, 2024, in Adversary Proceeding No. 22-1040 (the “March 2024 Order”), the Court noted that “the order of dismissal was ultimately vacated” and determined that “the order vacating the dismissal returned the parties to the pre-dismissal posture….” Docket No. 130.

20. In its March 2024 Order, the Court concluded that “the transfer [of Debtor’s equity of redemption] may be avoided pursuant to 11 U.S.C. § 544(a)(3).” Docket No. 130.

21. The Court then entered a Partial Judgment in the Bankruptcy that the “transfer of the equity of redemption held by [Debtor] … is hereby AVOIDED…” Docket No. 261.

22. The Court, however, noted in its March 2024 Order that “the status of the ‘legal title’ to the properties and the amounts the Debtor must pay, and to whom, in order to redeem the Properties…are not before the Court in this adversary proceeding.” Docket No. 130.

23. On February 26, 2026, the Court approved Debtor’s stipulation resolving all claims with Synergy, including relating to the Synergy Mortgage. Docket Nos. 557 and 526.

24. In its April 2026 Order, the Court sought to make clear that “[i]t was not until the entry of the Judgment that the equity of redemption was restored to the Debtor….” Docket No. 589.

25. The Gill Mortgage is the subject of a pending Adversary Proceeding No. 26-1008 to determine its validity (the “Adversary Proceeding”).

26. Pursuant to orders entered by the Court on August 11, 2025 (docket nos 469, 470, 471, and 472) the Debtor sold properties at 47 Old Harbor Street, S. Boston, 283 West 5th Street, South Boston and 15 Simms Court, Newton, MA. The Court approved the sale of property at 193

Weymouth Street, Randolph, MA (Docket no. 472) but the proposed buyer defaulted and the sale was not consummated. The sales of the Properties were, with the exception of the property at 193 Randolph Street in Weymouth, MA, closed (see Docket no. 486).

27. On March 6, 2026, the Court entered an order (docket no. 564) permitting but not requiring the Debtor to make a payment from the proceeds of the sales of the Properties in the amount of $1,032.595.14, to OHP, LLC.

28. On August 3, 2026, the Court entered an order (docket no. 664) on the Debtor's Motion to Determine Amount to Pay Secured Creditor OHP, LLC (docket no 572) which granted the motion and authorized the payment of $874,367.27 to OHP, LLC.

29. The Disclosure Statement, in Exhibit A, states that the Debtor's bank balances as of July 31, 2026 totaled $1,805,252,92, which included $1,692,810.72 from the sales of the Properties.

30. The remaining balance of the proceeds of the sales of the Properties, after the payments to OHP, LLC is $818,443.45 (the "Disputed Proceeds") (See docket entry, August 19, 2026, no. 680).

31. Gill asserts that the Disputed Proceeds are subject to his alleged lien against the sale proceeds and property by virtue of a mortgage from non-Debtor OHP, LLC

32. As of August 19, 2026, the Debtor had the sum of $119,118.97 from the sale of other properties and the collection of rent (See docket entry, August 19, 2026, no. 680).

33. Exhibit B to the Disclosure Statement states, correctly, that as of September 8, 2026, the total amount of Allowed Chapter 11 administrative expense priority claims was $178,436.40.

34. The Disclosure Statement states in Part II, B. on page 2 that:

> Unless otherwise agreed, provided in the Plan, or ordered by the court, allowed Administrative Claims will be paid in cash, in full, in the amount allowed by an Order of the Bankruptcy Court or as may be negotiated between the debtor and the claimant(s), no more than thirty days after the confirmation order becomes final and non-appealable. The payments contemplated by the Plan or otherwise agreed will be deemed conclusively

to constitute full satisfaction of Allowed Administrative Claims. Such Claims will be paid from the cash on hand, if any; from the sale of the Torrington property; and/or from the surplus from the sale of the Lowell property, if any.

35. The Disclosure Statement also states in Part III on page 6 that:

> Absent unforeseen circumstances, the debtor believes that the risks related to completion of the plan are relatively minimal. The debtor has sufficient cash in hand to pay administrative claims in full and general unsecured creditors a substantial amount of their claims, if not in full. Any general unsecured claims not paid in full will be paid over time without interest or fees. In the unlikely event that Jaspal Gill prevails in the pending litigation, *see* adversary proceeding 26-1008, payment will be made over time, without interest, since the validity of his claim as to GabTeagh is disputed.

36. On page 3 of the Disclosure Statement, in describing the Means for Implementation of the Plan, the Disclosure Statement says that:

> All of the debtor's real estate has already been sold, except for the Weymouth property, and the surplus proceeds are being held in a separate Debtor-in-Possession bank account pursuant to court order. The surplus proceeds will be used to pay any deficiencies on other secured claims first, then to administrative claimants, then to unsecured general claimants. There are no priority claims.
>
> **The Implementation of the Plan does not rely solely on the outcome of GabTeag's adversary proceeding against Jaspal Gill.**

37. The Disclosure Statement also states in Part III on page 6 that:

> Absent unforeseen circumstances, the debtor believes that the risks related to completion of the plan are relatively minimal. The debtor has sufficient cash in hand to pay administrative claims in full and general unsecured creditors a substantial amount of their claims, if not in full. Any general unsecured claims not paid in full will be paid over time without interest or fees. In the unlikely event that Jaspal Gill prevails in the pending litigation, *see* adversary proceeding 26-1008, payment will be made over time, without interest, since the validity of his claim as to GabTeagh is disputed.

38. The Disclosure Statement at Part VII on page 11, in discussing the Feasibility of the Baker Plan, states:

> The Bankruptcy Code requires as a condition to confirmation that the Bankruptcy Court find that liquidation of the Debtor or the need for further reorganization is not likely to

> follow after confirmation. The Debtor depends on recurring monthly revenue from its business. At present, it does not own any real estate other than, arguably, the Weymouth property, so it will not resume that business until this plan is confirmed and the case closes. "Feasibility", therefore, relates to the ability to pay administrative and general unsecured claims, which does not appear to be in doubt.

39. The Disclosure Statement is correct in stating that the Jaspal Gill claim is disputed, that other than the Weymouth property which is the subject of the Adversary Proceeding, the Debtor no longer owns any real property and that prior to the sale of its properties during the Chapter 11 case, the Debtor's operations depended upon recurring revenue from the collection of rents from its real property.

40. The statements that the "risks related to completion of the Plan are relatively minimal", that the Debtor has "sufficient cash in hand to pay administrative claims in full and general unsecured creditors a substantial amount of their claims, if not in full" and that the ability to pay administrative and general unsecured claims "does not appear to be in doubt" is, at the moment, inaccurate.

41. Where, as of September 8, 2026, the allowed administrative expense claims total $178,436.40 and, as of August 19, 2026, the amount of funds available to pay those claims was $119,118.97, the Baker Plan is not feasible, and therefore not confirmable, unless and until the Adversary Proceeding is resolved on terms favorable to the Debtor, to enable it to pay the administrative expense claims and the other general unsecured claims in the case.

42. The Debtor therefore requests that the Court find that the Baker Plan is not feasible at this time and therefore not confirmable and decline to approve the Disclosure Statement.

By its Attorney,

Dated: October 20, 2026

/s/Joseph G. Butler

______________________________

Joseph G. Butler (BBO#544284)
Law Office of Joseph G. Butler
355 Providence Highway
Westwood, MA 02090
(781) 636 3638
jgb@jgbutlerlaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Gabhaltais Teaghlaigh LLC<br><br>Debtor. | Chapter 11<br>Case No. 22-10839-EDK |

CERTIFICATE OF CONFERENCE

I, Joseph G. Butler, do hereby certify that in accordance with Local Rule 3017-1(b), that the undersigned conferred with David Baker on October 20, 2026, concerning the foregoing objection in a good faith effort to narrow the areas of disagreement.

Signed under the penalties of perjury October 20, 2026.

/s/ Joseph G. Butler
________________________________
Joseph G. Butler

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Gabhaltais Teaghlaigh LLC<br><br>Debtor. | Chapter 11<br>Case No. 22-10839-EDK |

CERTIFICATE OF SERVICE

I, Joseph G. Butler, do hereby certify that on October 20, 2026, I served a copy of the Objection by Gabhaltais Teaghlaigh, LLC to the Adequacy of the Disclosure Statement Dated September 8, 2026 on the persons on the attached service list by first class mail, postage prepaid, or as otherwise indicated.

Signed under the penalties of perjury, October 20, 2026.

/s/Joseph G. Butler
________________________________
Joseph G. Butler

Service List
Gabhaltais Teaghlaigh LLC
Chapter 11, Case No. 22-10839-EDK

Via ECF

- **Steven Boyajian** sboyajian@rc.com, jtella@rc.com
- **Eric K. Bradford** Eric.K.Bradford@USDOJ.gov
- **Paul G. Crochiere** pcrochiere@regnante.com
- **Kathleen R. Cruickshank** kcruickshank@murphyking.com, bankruptcy@murphyking.com;kflynn@murphyking.com;ecf-f3829d9f3bd3@ecf.pacerpro.com
- **Daniel S. Guenther** dsguenther@sherin.com, sworfolk@sherin.com
- **Richard King - B** USTPRegion01.BO.ECF@USDOJ.GOV
- **John C. La Liberte** JCLaLiberte@sherin.com, sworfolk@sherin.com
- **Jason A. Manekas** jmanekas@bg-llp.com, kpurvis@bg-llp.com
- **Alex F. Mattera** amattera@pierceatwood.com, lhawe@pierceatwood.com
- **Jodi B. Meade** meadej@dor.state.ma.us
- **Heather Sprague** Heather.Sprague@usdoj.gov
- **Michael Van Dam** mvandam@vandamlawllp.com
- **John F. White** jwhite@lipmanwhite.com, lipmanwhite1@yahoo.com;alipman@lipmanwhite.com
- **David W. Zizik** david.zizik@mgclaw.com, dburke@ziziklaw.com

Via Email:

David Baker at david@bostonbankruptcy.org